UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH ADAME TAPIA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-09125-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 2, 4) |

On November 5, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 2.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 4.) On November 5, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondents were further directed to state any opposition that they have to the court's intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On November 9, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondents concede that petitioner is detained pursuant to 8 U.S.C. § 1226(a), is entitled to a bond hearing, and that the case is not substantively distinguishable from the cases cited in the court's prior order. (*Id.* at 1.) Respondents did not state any opposition to the court's intention to rule directly on the merits of the petition based on the present briefing before it (*id.*), and thus the court will do so.

Based upon the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Mexico who entered the United States without inspection on an unknown date and time. (Doc. No. 8 at 3–5.) On or about October 31, 2026, while engaged in the targeted enforcement of another individual, ICE agents encountered and detained petitioner, who was a passenger in a vehicle that was stopped by agents. (*Id.*) The Record of Deportable Alien (Form I-213) reveals that immigration agents were not aware of petitioner's identity prior to detaining her. (*Id.* at 4.) ("Officers approached the vehicle, identified themselves and made contact with the passenger, *later identified* as ADAME Tapia, Judith Alejandra …") (emphasis added). Subsequently, petitioner was transported to the ICE Enforcement and Removal Operations ("ERO") Sub-Office in Bakersfield, California for additional processing. Later that same day, the government issued a notice to appear for removal proceedings, a warrant of arrest, and an initial custody determination. (*Id.* at 7–13.) The court notes that the warrant for arrest fails to specify the underlying reasons for the probable cause determination. (*Id.* at 11.) Moreover, respondents have not disputed the allegations contained in petitioner's habeas petition. (Doc. No. 8.)

As noted, respondents concede that petitioner's detention is governed by 8 U.S.C. § 1226(a). (*Id.* at 1.) The undersigned has previously explained that the government must issue a warrant of arrest prior to detaining a noncitizen allegedly subject to discretionary detention under § 1226(a). *Mayen v. Warden, California City Det. Ctr.,* No. 1:26-cv-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).") The applicable regulations confirm that an arrest may only be made "[a]t the time of issuance of the notice to appear, or at any time thereafter." 8 C.F.R. § 236.1(b)(1), 1236.1(b)(1). An arrest, therefore, "occurring before

execution of the notice to appear is unlawful, absent exigent circumstances," and "immediate release is the appropriate remedy." *Deleon Rodas v. Andrews,* No. 1:26-cv-07884-DC-CSK (HC), 2026 WL 3136188, at *3 (E.D. Cal. Oct. 20, 2026); 8 U.S.C. § 1357(a)(2). Respondents do not argue that the petitioner's arrest by ICE was carried out pursuant to a warrant, or that any exigent circumstances were present. (Doc. No. 8 at 1). While respondents have attached a Form I-213 to their submission, that form indicates that petitioner was "later identified," after the stop and detention had already taken place. *(Id.)* The Form I-213 also reveals that petitioner was encountered and inspected for her immigration status before being issued an official Warrant for Arrest (Form I-200). (*Id.*) A reasonable inference of these facts reveals that the warrant was issued after the fact, which is insufficient to satisfy the warrant requirement. *See Quiroz Fuenmayor v. Warden, California City Correction Ctr.*, No. 1:26-cv-03341-DAD-JDP (HC), 2026 WL 1266285, at *2 (E.D. Cal. May 8, 2026) ("However, in light of the events leading up to petitioner's arrest, the court draws the reasonable inference that this was an administrative warrant issued after petitioner was taken into custody, which fails to satisfy the requirements of § 1226(a)."); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026) (finding that "failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements.")

Accordingly, pursuant to the reasoning set forth in *Mayen v. Warden, California City Det. Ctr.,* the court concludes that petitioner's detention is not authorized by statute and the appropriate remedy is to order her immediate release. 2026 WL 1158217, at *1–2; *see also Galvez-Mondragon v. Warden, California City Corr. Ctr.*, No. 1:26-cv-04801-DAD-CKD (HC), 2026 WL 1992900, at *1 (E.D. Cal. July 9, 2026) ("Given these circumstances, the record does not show that petitioner was arrested pursuant to a warrant aside from exhibits that were filed the same day as petitioner was arrested on what the court must presume constitutes an administrative warrant created after the fact.")

/////

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 2) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Judith Adame Tapia, A-File No. 207-608-659, from respondents' custody;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 11, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE